[728 NYS2d 186]

In the Matter of BONNIE S. BANK (Admitted as BONNIE S. LEVENBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 23, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition contain-

ing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems appropriate under the circumstances. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

Charge One alleges that the respondent failed to cooperate with the petitioner. In or about January 1998, the petitioner instituted an investigation based upon the respondent's alleged failure to re-register as an attorney since 1995. Between January 1998 and January 1999, the respondent failed to respond to numerous letters and telephone calls from the petitioner pertaining to the investigation. In response to the petitioner's inquiries, the respondent represented that she would re-register with the Office of Court Administration by February 8, 1999, and provide proof thereof. The respondent failed to re-register or to further communicate with the petitioner.

At its regular meeting on May 11, 1999, the petitioner issued an admonition to the respondent based upon her failure to re-register. The admonition directed the respondent to re-register forthwith and provide proof of compliance within 90 days of her receipt thereof. The respondent failed to re-register.

The petitioner thereafter moved by order to show cause to immediately suspend the respondent based upon her continuing failure to re-register. The respondent, after being served with the order to show cause, re-registered and requested that the petitioner withdraw its motion. By decision and order of this Court dated January 5, 2000, the petitioner's application to withdraw its pending motion was granted and the matter was referred back to it for appropriate action.

On or about February 11, 2000, the petitioner determined that an admonition should be personally delivered to the respondent based upon her failure to comply with the May 1999 admonition which directed her to re-register within 90 days. By letter dated February 14, 2000, the petitioner directed the respondent to appear at its scheduled meeting on March 14, 2000, to personally receive the admonition. On March 13, 2000, the respondent telephoned Grievance Counsel to request that her appearance be adjourned. Despite advice to make her request in writing and fax it to the petitioner, the respondent failed to communicate further and failed to appear at the March 14, 2000 meeting.

By letter dated March 20, 2000, the petitioner directed the respondent to appear at the April 11, 2000, meeting to receive

her admonition. On April 11, 2000, the respondent faxed a letter to the petitioner stating that she would not appear at the meeting that afternoon. The respondent did not request another scheduled date.

At its April 2000 meeting, the petitioner voted to recommend to the Court that a disciplinary proceeding be instituted against the respondent based upon her failure to comply with its directions in that she failed to re-register in compliance with the initial admonition issued to her and failed to appear before it, as directed, to have the second admonition personally delivered to her.

By reason of the foregoing, the respondent has engaged in conduct prejudicial to the administration of justice, in violation of Judiciary Law § 468-a and Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects upon her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Based on the uncontroverted evidence, the Special Referee properly sustained the charge of professional misconduct. The respondent's disregard of the petitioner's communications and directives reflects adversely on her fitness to practice law. The petitioner's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent offered her personal difficulties in mitigation at the hearing and submitted a letter from her employer, dated December 5, 2000, attesting to her integrity and professionalism. Notwithstanding her apparently unblemished record, the respondent has caused the petitioner considerable time, effort and expense in its efforts to secure her compliance with applicable Court Rules.

Under the totality of circumstances, the respondent is publicly censured for her professional misconduct.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Bonnie S. Bank, is censured for her professional misconduct.